IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cv-

**JOCELYN MERRIFIELD**,

      Plaintiff,

vs.

**1859-HISTORIC HOTELS, LTD.**, d/b/a
The Cliff House of Pikes Peak, and **JOHN DOE**,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Jocelyn Merrifield, by her attorney Robert M. Liechty of ROBERT M LIECHTY PC, brings her complaint as follows:

1.     Plaintiff Jocelyn Merrifield resides in Littleton, Colorado.  Defendant 1859-Historic Hotels, Ltd., is a Texas corporation and is referred to herein as defendant hotel. It operates an hotel in Manitou Springs called The Cliff House at Pike's Peak.  It employed defendant John Doe, the employee referenced in ¶ 10 below.

2.     Plaintiff brings a public-accommodation claim against the hotel under Title III of the Americans with Disabilities Act, 42 USC §12182(a).  Jurisdiction and venue are proper in this court.  This court has pendent jurisdiction over the two state torts because they arise out of the same set of facts.

3.      Ms. Merrifield suffers from posttraumatic stress disorder caused by three assaults prior to 2012, which disability causes her anxiety attacks.  She also has hypoglycemia and is allergic to some 100 foods.  Because of this, she faints often.

4.      Both her doctor and her psychologist have recommended that she have service dogs to assist her in coping with her disability.  On September 30, 2020, she received a note from her psychologist that her emotional/mental health issues met the definition of a disability under the Americans with Disability Act.  The note stated that plaintiff had difficulty coping with stress and anxiety and recommended a support animal to assist her in coping with this disability.

5.      Five years ago, plaintiff acquired her first rescue dog which she trained to be a service animal.  At the time of the below incident, she had two registered service dogs and a younger dog who was completing the registration process.

6.      Ms. Merrifield made a reservation with The Cliff House on November 28 or 29, 2020, for the couple's Christmas stay.  She spoke with a reservation clerk by the name of Shannon and then, five minutes later, spoke to a man representing the hotel.  He said that pets were not allowed, but that service animals were allowed.

7.      Plaintiff and her husband arrived at the hotel on December 24, 2020, for a two-night stay.  They brought her three service dogs with them.  Plaintiff had the registration papers for the dogs and her doctor's and psychologist's notes, referenced in ¶ 4, with her in the car.

8.      The hotel staff knew that she had dogs with her and said nothing.  The animals were at all times well behaved and under her control.

9.      Upon checking out on December 26, 2020, plaintiff and her husband paid the bill.  They were given a receipt which included a $250 fee for violation of the hotel's pet policy.  Both plaintiff and her husband told Brittany, the checkout clerk, that this was a mistake because plaintiff's three dogs were service animals and they were told, prior to arriving, that service animals were allowed.

10.     An older, male employee, referred to as defendant John Doe, said that assessing the penalty was the hotel's policy.  He told plaintiff that her dogs were not service animals.  Ms. Merrifield said she would get the documents from her car to prove that the dogs were *bona fide* service animals.  Defendant John Doe rudely and repeatedly said he did not want to see any documents, said that the dogs were not service animals, and insisted that the $250 penalty was proper.

11.     Because plaintiff and her husband did not want to cause a disturbance, they left.  Four days later, plaintiff left a message with the manager to discuss the problem, but the manager did not return her call.

12.     Defendant John Doe made plaintiff feel as if she were not human.  He humiliated her and made her feel that she had no voice.  Plaintiff was visibly upset for a week and suffered anxiety because she repeatedly felt the injustice of having her rights trampled.

### *Violation of Title III of the ADA*

13.     Federal law states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of … any place of public accommodation …"  **See** 42 USC §12182(a).

3

14.     "Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability."  28 CFR §36.302(c)(1).

15.     "A public accommodation shall not ask or require an individual with a disability to pay a surcharge, even if people accompanied by pets are required to pay fees, or to comply with other requirements generally not applicable to people without pets."  28 CFR §36.302(c)(8).

16.     Defendant hotel violated this federal law.  Under 42 USC §12188(a)(1), plaintiff is entitled to the injunctive relief set forth in 42 USC §2000a-3(a).  She requests that the hotel train its employees to follow the pertinent federal regulations regarding service-animal use in public accommodations.

17.     She is entitled to her attorney's fees under 42 USC §2000a-3(b).

### Misrepresentation

18.     The hotel employee who took their reservation misrepresented to plaintiff that the hotel accepted service animals, knowing that plaintiff would rely upon this representation.  Plaintiff relied upon the representation which caused her to bring the service animals to the hotel.

19.     As a result, she was damaged by having to pay a penalty of $250, but was more damaged by the emotional trauma caused by defendant John Doe's conduct referenced in ¶¶ 10 and 12 above.

20.     Defendant John Doe was an employee of the defendant hotel at the time of the incident described in ¶¶ 10-12 above.  Therefore, his actions are the actions of the defendant hotel and the defendant hotel is liable for his actions.

### *Negligence*

21.     Defendant John Doe unreasonably concluded that plaintiff's dogs were not service animals.  He also unreasonably refused plaintiff's offer to show him the documents from her car showing that the animals were service animals.

22.     He owed a duty of care to properly consider facts as to, and to properly determine, whether the dogs were service animals.  He breached that duty of care by his above decision and conduct.  This breach directly injured plaintiff.

23.     As a result, plaintiff had to pay the penalty of $250, but was more damaged by the emotional trauma caused by defendant John Doe.

24.     Defendant John Doe was an employee of the defendant hotel at the time of the incident described in ¶¶ 10-12 above.  Therefore, his actions are the actions of the defendant hotel and the defendant hotel is liable for his actions.

### *Punitive Damages*

25.     Defendant John Doe acted maliciously in determining that plaintiff's dogs were not service animals and in refusing to even consider the written proof that the dogs were service animals.  Therefore, he is liable for punitive damages to punish his conduct.

26.    Because defendant John Doe was acting within the scope of his employment, and because he was given the discretion to act maliciously as described above, the defendant hotel is liable for his punitive damages.

WHEREFORE, plaintiff Jocelyn Merrifield respectfully requests that this court enter judgment in her favor and for interest, costs, attorney's fees, and such other relief as this court deems proper.

Plaintiff requests trial to a jury.

Respectfully submitted this January 27, 2021.

By:    s/    *Robert M. Liechty*
                Robert M. Liechty
                ROBERT M LIECHTY PC
                1800 Gaylord St.
                Denver, Colorado 80206
                Tel: (303) 861-5300
                Fax: (303) 861-2746
                Email: rliechty@crossliechty.com
                ATTORNEY FOR PLAINTIFF

Address of plaintiff:
6642 W. Ida Dr., #216
Littleton, CO 80123