IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00268-PAB-NYW

JOCELYN MERRIFIELD,

     Plaintiff,

v.

1859-HISTORIC HOTELS, LTD., d/b/a The Cliff House of Pikes Peak, and
MICHAEL CHAPUT,

     Defendants.

_____

**ORDER**
_____

     This matter is before the Court on Defendant's Partial Motion to Dismiss Claims

III and IV [Docket No. 16], filed on April 19, 2021.  Plaintiff responded, Docket No. 18,

and defendant 1859-Historic Hotels, Ltd. (the "hotel") replied.[1]  Docket No. 21.  The

Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

_____

[1] On September 23, 2021, plaintiff filed an amended complaint.  Docket No. 33.  The
only difference between the original and amended complaint is to replace "John Doe"
with "Michael Chaput."  *See* Docket No. 29 at 1; *compare* Docket No. 33, *with* Docket
No. 1.  Because the changes made in the amended complaint have no impact on the
issues raised in the hotel's partial motion to dismiss, the Court will address the merits of
the motion despite the fact that it is addressed to a complaint that is no longer the
operative pleading.

## I. BACKGROUND[2]

This case arises out of plaintiff's stay at The Cliff House at Pikes Peak, a hotel in Manitou Springs, Colorado, from December 24 to 26, 2020.  *See generally* Docket No. 1.  Plaintiff made a reservation for this stay towards the end of November 2020.  *Id.* at 2, ¶ 6.  When she made the reservation, plaintiff spoke to a hotel representative who informed her that, while pets were not permitted, service animals were.  *Id.*  Plaintiff had two registered service dogs and a third dog who was "completing the registration process."  *Id.*, ¶ 5.  Plaintiff's physician and psychologist had both recommended that she obtain a service dog in order to assist her in coping with her post-traumatic stress disorder.  *Id.*, ¶¶ 4-5.

Plaintiff and her husband arrived for their two-night stay on December 24, 2020 with the three dogs.  *Id.*, ¶ 7.  Plaintiff had the dogs' registration papers and her doctors' notes in her vehicle.  *Id.*  Hotel staff knew plaintiff had these three dogs with her during her stay.  *Id.*, ¶ 8.  When plaintiff checked out of the hotel on December 26, 2020, the bill included a $250 fee for violating the hotel's pet policy.  *Id.* at 3, ¶ 9.  Plaintiff informed the hotel clerk that this was in error because the dogs were service animals and that she had been told, before arriving, that service animals were permitted.  *Id.*  Michael Chaput, a hotel employee, told plaintiff that her dogs were not service animals and that assessing the penalty was the hotel's policy.  *Id.*, ¶ 10.  When plaintiff offered to retrieve the dogs' registration papers from her vehicle, Mr. Chaput "rudely and

---

[2] The following facts are taken from the complaint and are presumed to be true for the purposes of ruling on Historic Hotels' partial motion to dismiss.  However, the Court will refer to defendant John Doe as defendant Michael Chaput due to the filing of an amended complaint replacing each mention of John Doe with Mr. Chaput.

repeatedly said he did not want to see any documents, said that the dogs were not service animals, and insisted that the $250 penalty was proper." *Id.*, ¶ 10.  Plaintiff paid the bill.  *Id.*, ¶ 9.  Four days later, plaintiff left a message with the hotel manager to discuss the issue, but the manager did not return the call.  *Id.*

Plaintiff brings four claims: (1) violation of Title III of the Americans with Disabilities Act; (2) misrepresentation due to the hotel employee informing her that the hotel accepted service animals when this was in error; (3) negligence due to Mr. Chaput's unreasonable conclusion that the dogs were not service animals; and (4) punitive damages because Mr. Chaput acted maliciously in determining that the dogs were not service animals.  *Id.* at 3-6, ¶¶ 13-26.  On April 19, 2021, the hotel filed a motion to dismiss claims three and four.[3]  *See* Docket No. 16 at 1.  The hotel argues that it did not have a duty of care with respect to the determination of whether or not plaintiff's dogs were service animals.  *Id.* at 1.  Thus, the hotel argues, it could not have been negligent and, because the claim for punitive damages is derivative of the claim for negligence, it must also fail.  *Id.* at 2.

---

[3] The hotel's motion to dismiss states that plaintiff voluntarily agreed to dismiss claim two and would do so by filing an amended complaint.  Docket No. 16 at 1.  The hotel states that it does not move to dismiss claim two in reliance on plaintiff's representation. *Id.*  In plaintiff's response to the motion, she agreed that she would voluntarily dismiss claim two.  Docket No. 18 at 1.  On September 17, 2021, plaintiff filed an unopposed motion for leave to file an amended complaint, Docket No. 29, which the magistrate judge construed as a notice of filing an amended complaint.  Docket No. 31.  The amended complaint retains claim two.  *See* Docket No. 33 at 4-5, ¶¶ 18-20.  However, the hotel did not oppose plaintiff's filing of the amended complaint and there is no motion at this time for the Court to resolve with respect to claim two.  Accordingly, the Court's order focuses only on the issues that have been raised in the hotel's motion to dismiss claims three and four.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibility follow from the facts alleged, not the facts themselves be plausible." *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement needs only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court needs not accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alternations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to

dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alternations omitted).

## III. ANALYSIS

### A.  Claim Three, Negligence[4]

The complaint alleges that plaintiff's negligence claim is based on Mr. Chaput's breach of the duty of care to properly consider whether the dogs were service animals. *See* Docket No. 1 at 5, ¶¶ 21-22.  Plaintiff claims that the resulting harm was the $250 fee and the emotional trauma caused by Mr. Chaput's actions.  *Id.*, ¶ 23.  In her response to the motion to dismiss, plaintiff characterizes the claim as "aris[ing] in the context of what care is required to penalize a guest for failing to comply with defendant's pet policy."  Docket No. 18 at 3.  The Court interprets plaintiff's negligence claim to be based on the hotel's failure to use reasonable case when determining whether to impose a fee for dogs that the patron claims are service dogs.

To state a claim for negligence, plaintiff must show: "(1) that the [hotel] owed her a legal duty of care; (2) that the [hotel] breached that duty; (3) injury to herself; and (4) causation."  *Westin Operator, LLC v. Groh*, 347 P.3d 606, 612 (Colo. 2015).

---

[4] The Court applies Colorado law to this state-law claim, as do the parties.

In its motion to dismiss, the hotel makes three arguments: (1) hotels do not owe a duty of care with respect to determining whether dogs are service animals; (2) the innkeeper-guest duty of care only arises to protect guests from the unreasonable risk of physical harm and to give aid; and (3), even if the Court examines the factors relevant to determining whether to impose a duty of care (the "duty factors"),[5] these factors weigh against finding one in this circumstance. *See* Docket No. 16 at 7-8. Plaintiff responds that: (1) she has alleged specific facts that invoke a duty; (2) the tort duty alleged is not based on anti-discrimination law; (3) the risk of physical harm is not required to find a tort duty; and (4) the duty factors weigh in favor of finding a duty. Docket No. 18 at 2-3.

"A negligence claim must fail if based on circumstance for which the law imposes no duty of care upon the defendant for the benefit of the plaintiff." *Univ. of Denver v. Whitlock*, 744 P.2d 54, 56 (Colo. 1987). While the performance of an assumed duty may be a question of fact, the existence of a legal duty is a question of law for the court to determine. *United Blood Servs., Inc. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992) ("The court determines, as a matter of law, the existence and scope of the duty[.]" (citation omitted)).

---

[5] The parties agree that these factors are "(1) the risk involved, (2) the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, (3) the magnitude of the burden guarding against injury or harm, and (4) the consequences of placing the burden upon the actor." *HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002); *see* Docket No. 16 at 6 (referencing these factors); Docket No. 18 at 3-4 (same). No one factor is controlling, and the issue essentially comes down to "fairness under contemporary standards." *Montoya v. Connolly's Towing, Inc.*, 216 P.3d 98, 104 (Colo. App. 2008) (quoting *English v. Griffith*, 99 P.3d 90, 94 (Colo. App. 2004)).

Colorado negligence law generally punishes misfeasance (affirmatively causing harm to another person) rather than nonfeasance (failing to prevent harm).  *Rocky Mountain Planned Parenthood, Inc. v. Wagner*, 467 P.3d 287, 295 (Colo. 2020).  In some circumstances, however, a "special relationship" between the plaintiff and the defendant may give rise to a duty to prevent harm.  *Id.*  A "special relationship" is a relationship "of such a character that social policy justifies the imposition of a duty to act."  *N.M. by and through Lopez v. Trujillo*, 397 P.3d 370, 374 (Colo. 2017).  The innkeeper-guest relationship "confer[s] a duty to exercise reasonable or ordinary care under the circumstances and giv[es] rise to an affirmative duty to aid or protect."  *Groh*, 347 P.3d at 612.

The Court first addresses whether a negligence claim can lie where there are no allegations of physical harm.  The hotel argues that its duties under the innkeeper-guest special relationship only arise to prevent risk of physical harm and to give aid, neither of which are present here.  Docket No. 16 at 7-8.  Plaintiff disagrees, arguing that a tort duty may exist without the risk of physical harm.  Docket No. 18 at 3.  For the following reasons, the Court agrees with the hotel.

"Generally, simple negligence cannot provide the basis for the recovery of damages for mental or emotional suffering, unless such negligence has resulted either in physical injury or in the creation of a reasonable risk of bodily harm."  *Williams v. Cont'l Airlines, Inc.*, 943 P.2d 10, 16 (Colo. App. 1996); *see also Adams-Arapahoe School Dist. No. 28-J v. GAF Corp.*, 959 F.2d 868, 871 (Colo. 1992) ("negligence is not actionable in Colorado unless it results in *physical damage* to persons or property"); *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo. 1987) (injury

characterized by "actual loss or damage resulting to the interests of the plaintiff" is an essential element of a negligence action); *Cuevas v. United States*, No. 16-cv-00299-MSK-KMT, 2018 WL 1399910, at *10 (D. Colo. Mar. 19, 2018) (granting summary judgment in favor of defendants "[b]ecause Colorado does not recognize the tort of negligence in the absence of an actual physical injury to the plaintiff").[6]

The complaint alleges that Mr. Chaput's conduct in "unreasonably conclud[ing] that plaintiff's dogs were not service animals" and refusing to allow plaintiff to show him supporting documentation breached the duty of care and injured plaintiff. Docket No. 1 at 5, ¶¶ 21-22. Because Mr. Chaput was a hotel employee at the time of the incident, plaintiff claims that the hotel is liable for his actions. *Id.*, ¶ 24. Plaintiff alleges that the injury she suffered was the $250 penalty and the emotional trauma caused by Mr. Chaput's unreasonable actions. *Id.*, ¶ 23. However, neither of these injuries is a physical injury for the purposes of a simple negligence claim. *See Williams*, 943 P.2d at 16. In fact, plaintiff does not argue that she suffered physical injury; instead, she argues that physical injury is not required to bring a negligence claim. Docket No. 18 at 3. The cases above show that plaintiff's argument is contrary to Colorado law. Because plaintiff does not allege that she suffered any physical harm, the complaint fails to state a claim for negligence.

The Court accordingly will grant the hotel's motion to dismiss claim three. Plaintiff has not requested leave to amend despite the hotel clearly raising the lack of actual physical injury in its motion to dismiss; accordingly, the Court will dismiss claim

---

[6] Plaintiff provides no caselaw stating that the actual damages requirement does not apply in the innkeeper-guest special relationship. *See generally* Docket No. 18.

three with prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (an amendment is futile "when the proposed amended complaint would be subject to dismissal for any reason.").

### B.  Claim Four, Punitive Damages

The hotel seeks dismissal of claim four, plaintiff's claim for punitive damages, because it is derivative of her misrepresentation and negligence claims.  Docket No. 16 at 9-10.  Plaintiff agrees that, if the negligence claim is dismissed, the associated punitive damages claim must be dismissed.  Docket No. 18 at 4-5.  Because the Court will dismiss plaintiff's negligence claim, the Court will also dismiss plaintiff's claim for punitive damages to the extent it is based on negligence.

However, the Court will not dismiss claim four to the extent it is based on plaintiff's misrepresentation claim.  As noted above, while plaintiff agreed to file an amended complaint that did not bring a claim for misrepresentation, Docket No. 18 at 1, the amended complaint includes a misrepresentation claim.  *See* Docket No. 33 at 4-5, ¶¶ 18-20.  Because the only argument the hotel makes in favor of dismissal of punitive damages is that it is based on a misrepresentation claim that will be dismissed, *see* Docket No. 16 at 10, but was not dismissed, the Court will deny this portion of the motion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Partial Motion to Dismiss Claims III and IV [Docket No. 16] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that claim three, negligence, is dismissed with prejudice.[7]  It is further

**ORDERED** that claim four, punitive damages, is dismissed with prejudice to the extent it is based on claim three, negligence.

DATED February 22, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Mr. Chaput was served with the amended complaint after the hotel filed its motion to dismiss.  *See* Docket No. 16 (filed on April 19, 2021); Docket No. 36 (waiver of service as to Mr. Chaput returned executed on October 8, 2021).  In his answer to the amended complaint, Mr. Chaput notes that the negligence allegations are the subject of the hotel's motion to dismiss.  *See* Docket No. 38 at 5, ¶¶ 21-24.  While Mr. Chaput does not explicitly join in the hotel's motion to dismiss, the negligence claim fails against him for the same reason given with respect to the hotel.  Accordingly, the Court will dismiss claim three in full and not only against the hotel.